**IT IS ORDERED as set forth below:**

Date: June 9, 2016

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| **ANGELA D RODGERS**, | CASE NO. **14-60678 - BEM** |
| Debtor. | |
| Bayview Loan Servicing, LLC, <br> Movant, <br> v. <br> ANGELA D RODGERS, <br> GWENDOLYN T. COOK-SIMS, Co-Debtor, <br> MARY IDA TOWNSON, Trustee, <br> Respondents. | CONTESTED MATTER |

**ORDER DENYING MOTION FOR RELIEF
AND ORDER LIFTING CODEBTOR STAY**

This matter comes before the Court on the Motion for Relief from Automatic Stay and

Co-Debtor Stay filed by Bayview Loan Servicing, LLC, on April 19, 2016, and having been

scheduled for a hearing on May 10, 2016 regarding real property now or formerly known as 3261 Harvester Woods Road, Decatur, GA 30034 (hereinafter referred to as the "Property") and the parties herein having reached an agreement.

The parties herein are in agreement that the post-petition mortgage arrearage owed to Movant as of May 10, 2016 is $3,981.56  This figure is comprised of the February 2016 through May 2016 monthly mortgage payments at $738.89 each, and attorney`s fees and costs at $1,026.0. Debtor(s) will be required to make a payment to Movant in certified funds in the amount of $738.89 on or by May 15, 2016.  Debtor(s) will be required to cure the remaining arrearage of $3,242.67 by making payments to Movant in the amount of $540.45 for the next five (5) consecutive months, and $540.42 on month six (6), to be tendered on or before the 15th day of each month beginning June 2016.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Debtor(s) shall be required, beginning June 2016 to pay to Movant all future monthly mortgage payments when due.  These mortgage payments as well as the payments necessary to cure the post-petition mortgage arrearage shall be governed by a Strict Compliance Clause as outlined herein below and said Clause shall remain in effect for a period of six (6) months beginning June 2016.  Upon failure by Debtor(s) to make any of these payments to Movant when due, the Automatic Stay may be modified as to the Property subject to the following conditions and allow Movant to proceed to foreclose or otherwise dispose of the Property or take action including exercising its state law remedies including, but not limited to, dispossessory proceedings, or to take any action which is necessary in order for Movant to recover upon its secured claim to the Property.

Upon failure by Debtor(s) to tender to Movant the above-stated funds as provided herein, and upon notice of default sent by first class mail to Debtor(s) and Debtor(s) attorney at the address indicated on the attached distribution list, and failure by Debtor(s) to cure the default within 10 days of such notice, Movant may file a motion and affidavit of default with the Court,

with service upon Debtor(s) and Debtor(s) attorney, and the Court may enter an Order modifying the automatic stay, waiving the 14-Day Stay of Bankruptcy Rule 4001(a)(3), without further notice or hearing.  In the event an Order modifying the automatic stay is entered, Trustee is to cease funding any pre-petition arrearage claim.

Any excess proceeds derived from a foreclosure sale by Movant shall be remitted to the Chapter 13 Trustee. At its option, Movant may contact Debtor(s) via telephone or written correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement including a deed in lieu as allowed by state law. The entry of this order does not absolve Debtor(s) of the duty to file any necessary pleadings, amendments, or plan modifications that may be required with regard to such a loan modification.  As part of this Consent Order, Movant has advised Debtor(s), Debtor(s) counsel and the Chapter 13 Trustee that, in the event Debtor(s) fail(s) to comply with terms of this Order, Movant intends to request in its Default Motion that the provision of Fed. R. Bankr. P. 3002.1 will not apply to Movant upon entry of an Order Modifying the Automatic Stay. The Court has made no determination as to the applicability of Fed. R. Bankr. P. 3002.1 should an Order Modifying Stay be entered in the future.

IT IS HEREBY ORDERED that the Co-Debtor Stay pursuant to 11 U.S.C. § 1301 is

MODIFIED to allow Movant, its successors and assigns, to proceed with its state law remedies as to its collateral, described below, or to take any action which is necessary in order for Movant to recover upon its secured claim to the Property.

**[END OF DOCUMENT]**

CONSENTED TO BY:

_____/s/_____
Anthony Maselli
Georgia Bar No. 558670
Shapiro, Pendergast & Hasty, LLP
211 Perimeter Center Parkway
Suite 300
Atlanta, GA 30346
(770) 392-0303 Telephone
(770) 392-0909 Facsimile
ATTORNEY FOR MOVANT


_____/s/_____ with Express Permission to sign
Nicole Holtzapple
Georgia Bar No. 940598
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA 30346
(678) 668-7160 Telephone


NO OPPOSITION

_____/s/_____ with Express Permission to sign
Sonya M. Buckley, Attorney for Mary Ida Townson
Georgia Bar No. 140987
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740
(404) 525-1110 Telephone

DISTRIBUTION LIST

Angela D Rodgers
3261 Harvester Woods Road
Decatur, GA 30034

Gwendolyn T. Cook-Sims
3261 Harvester Woods Road
Decatur, GA 30034

Gwendolyn T. Cook-Sims
3592 Concordia Road
Decatur, GA 30034

Craig Z. Black
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA 30346

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway
Suite 300
Atlanta, GA 30346